## GENERAL BAKING CO. v. GOLDBLATT BROS., Inc.
### No. 6133.

Circuit Court of Appeals, Seventh Circuit.
May 20, 1937.

Rehearing Denied June 18, 1937.

Lee J. Gary, of Chicago, Ill. (F. P. Warfield and T. R. V. Fike, both of New York City, of counsel), for appellant.

Jack N. Pritzker and Stanford Clinton, both of Chicago, Ill., for appellee.

Before EVANS and MAJOR, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

This is an appeal from a decree dismissing for want of equity a bill charging appellee with infringement of appellant's registered trade-mark.

Appellant in 1915 adopted and appropriated the word "Bond" as its trade-mark applied to bread and bakery products. This and subsequent applications passed to registration and the resulting trade-marks are now in full force. During the years between 1915 and 1935 appellant has used the mark on four billion loaves of bread sold in twenty-five states. It has sold in Illinois upwards of five million loaves within the territory within a radius of fifty miles of St. Louis. Appellant learned in September, 1935, that appellee was selling "Goldblatt's Bond" bread and thereupon made written demand upon appellee to discontinue the use of the word "Bond." Upon refusal the suit was begun.

Appellee operates six large department stores in Chicago, one in Joliet, one in Hammond, and one in Gary. It first used the trade-mark "Goldblatt's Bond" in 1931 on razor blades, shaving cream, and cigars. Thereafter it extended the use to some 300 items of merchandise sold by its stores. It does not sell outside the territory within a radius of fifty miles of Chicago. The parties are not now nor have they ever been in actual market competition. Appellant is not and never has been selling "Bond" bread in Chicago or in any market in competition with appellee. Its officers testified that the company desired to sell in Chicago but that no steps had been taken to initiate or develop its business in any section where appellee's bread is sold.

Appellant's nearest market to appellee's stores in Indiana is Tipton and its market in Illinois nearest to Chicago is Alton near St. Louis.

The wrappers which appellant uses for its "Bond" bread are different in material, design, color, lettering, and descriptive language from those employed by appellee for its "Goldblatt's Bond" bread.

The court concluded that the trade-marks "Bond" and "Goldblatt's Bond" are not confusingly similar; that there would be no probability of confusion by purchasers if breads bearing those two marks were concurrently sold in the same markets; that the localities in which appellee sells "Goldblatt's Bond" bread in Illinois and Indiana are wholly separate and remote from the markets in Illinois and in Indiana in which appellant sells "Bond" bread.

Appellant contends that the court erred. in finding that the trade-marks "Bond" and "Goldblatt's Bond" are not confusingly similar and in holding that appellant has acquired no rights to enforce its trade-mark in the territory where appellee sells its bread.

■ The purpose of a trade-mark is to identify the business in connection with which it is used. It will be protected only when used in connection with a business, for trade-marks and the rights to their exclusive use are property rights only in the sense that the right to one's trade and the good will that follows from it free from unwarranted interference by others is a property right. A trade-mark is an instrumentality for the protection of such property right, and the right grows out of its use in trade, not merely out of its adoption. Hanover Star Milling Co. v. Metcalf, 240 U.S. 403, 36 S.Ct. 357, 60 L.Ed. 713; United Drug Co. v. Theodore Rectanus Co., 248 U.S. 90, 39 S.Ct. 48, 63 L. Ed. 141. Consequently it is generally recognized that protection of a trade-mark has territorial limitations coincident with the limitations of the trade which it is presumed to protect. In markets to which the use of the trade-mark has extended and in which its meaning has become known, the manufacturer whose trade is pirated by infringing use will be entitled to protection and redress. But his monopoly does not extend to markets that his trade has never reached, where the mark signifies not his goods but those of another, for, in the end, it is the trade and not the mark that is to be protected. The trade-mark itself knows no territory or boundary but extends to all markets where the trade which it is supposed to protect exists but the mark of itself cannot travel to markets where there is no article to wear the badge and no trader to offer the article. Hanover Star Milling Co. v. Metcalf, supra.

Where two parties independently employ the same markings upon goods of the same class but in separate markets wholly remote the one from the other, there is no question of prior appropriation. Thus the Supreme Court said in United Drug Co. v. Theodore Rectanus Co., 248 U.S. 90, 39 S.Ct. 48, 51, 63 L.Ed. 141: " * * * the adoption of a trade-mark does not, at least in the absence of some valid legislation enacted for the purpose, project the right of protection in advance of the extension of the trade, or operate as a claim of territorial rights over areas into which it thereafter may be deemed desirable to extend the trade."

Here the evidence indicates clearly that the markets in which appellant sells its bread under the mark "Bond" are wholly remote from the market in which appellee sells its bread under the mark "Goldblatt's Bond." Appellant's market in Illinois covers a radius of about fifty miles in the vicinity of St. Louis and in Indiana fifty to seventy-five miles in the vicinity of Indianapolis. No part of appellant's trade reaches the Chicago territory occupied by appellee.

■ We conclude, therefore, that the District Court was correct in its decision that, under the existing facts, appellant has no right to complain of appellee in a territory not occupied by appellant.

[4] ■ is said that appellant is desirous of entering the Chicago field, but the testimony is that it has made no definite plans to do so, has taken no steps, entered into no contracts, made no investments, or done anything looking toward such extension. What appellant's rights may be, when and if such extension of trading occurs, is a question not before us on the present record.

In view of our conclusion it is unnecessary to review the evidence upon confusion of marks.

The decree of the District Court is affirmed.