RAFAEL BUSCAGLIA, TESORERO DE PUERTO RICO, peticionario, *v.* TRIBUNAL DE CONTRIBUCIONES DE PUERTO RICO, demandado; DESTILERÍA SERRALLÉS, INC., interventora.

Núm. 213.—*Sometido:* Mayo 6, 1949. *Resuelto:* Julio 5, 1949.

*Hon. Procurador General Vicente Géigel Polanco* (*Luis Negrón Fernández, ex Procurador General,* en la petición y en el alegato)

y *Edgar S. Belaval*, abogado especial éste del Departamento de Justicia, abogados todos del peticionario; *Orlando J. Antonsanti* y *Eulogio Riera*, abogados de la interventora, querellante en el pleito principal.

El Juez Asociado Señor Marrero emitió la opinión del tribunal.

Entre otros bienes muebles pertenecientes a la corporación doméstica Destilería Serrallés, Inc., el Tesorero de Puerto Rico tasó a los fines de la imposición de contribuciones sobre la propiedad ciertas marcas de fábrica y fórmulas en la suma de $188,000, fijándole un valor de $185,000 a las primeras y de $3,000 a las últimas.[1]   No conforme con la tasación, dicha corporación acudió ante el Tribunal de Contribuciones y éste, luego de una vista en los méritos, concluyó que en ausencia de mejor prueba el Tesorero debía incluir, entre los bienes valorados, la partida de $18,040.73 en concepto del ''valor'' de las fórmulas de los productos ''Don Q'' y ''Boca Chica'', pero aclarando enfáticamente que esto no representaba el valor de ninguna marca de fábrica y sí meramente la valoración dada por la propia recurrente en sus libros a las fórmulas de dichos productos.   Para revisar la resolución así dictada, expedimos un auto de *certiorari*.[2]

La contención del Tesorero de Puerto Rico es que el tribunal recurrido erró al resolver que las marcas de fábrica no pueden ser valoradas por sí solas para determinar la contribución sobre la propiedad mueble y al no sostener que en ausencia total de prueba de parte de la contribuyente para demostrar el verdadero valor de dichas marcas, su actuación debía ser sostenida.

Provee en lo pertinente el artículo 290 del Código Político ''Que toda propiedad no exenta expresamente del pago de contribuciones será tasada como imponible'' y que

[1] Sobre el valor de las fórmulas no hay controversia alguna, ya que la contribuyente se avino a la tasación fijádales.

[2] Véase la sección 5 de la Ley 169 de 15 de mayo de 1943 (págs. 601, 611).

"los bienes muebles comprenderán . . . derechos de privilegio,(³) *marcas de fábrica,* franquicias, concesiones . . .". (Bastardillas nuestras.) El artículo 291 del mismo Código, según ha sido enmendado, enumera de manera clara y taxativa las propiedades que estarán exentas de tributación para la imposición de contribuciones. Entre ellas no figuran las marcas de fábrica. El artículo 317 de dicho cuerpo legal dispone, por otra parte, la forma en que ha de ser tasada la propiedad mueble de corporaciones. Provee este último artículo en parte que "El valor efectivo actual del capital de las citadas corporaciones, se fijará por el Tesorero de Puerto Rico de conformidad con la declaración jurada de los presidentes, directores u otros funcionarios al frente de tales corporaciones, como se requiere por el artículo 319, o basándolo en cualquier otro informe fidedigno que el Tesorero tenga o adquiera, y el valor efectivo actual no será en ningún caso menos que el valor del capital y bonos, más el sobrante y ganancias no divididas de dichas instituciones, corporaciones y compañías; ni será menor que el valor en el mercado de los bienes inmuebles y muebles de dichas . . . corporaciones . . . , *incluyendo en los bienes muebles todos los derechos, franquicias y concesiones*" y que "De la tasación obtenida en esta forma se deducirá el valor total de la propiedad inmueble de dichas corporaciones, que resulte de la tasación verificada de acuerdo con las disposiciones del artículo 316; y el resto será considerado como que representa la propiedad mueble de dichas corporaciones que ha de someterse a contribución." (Bastardillas nuestras.) Así pues, al tasar los bienes muebles de corporaciones, el Tesorero de Puerto Rico puede hacerlo siguiendo una de las dos formas antes especificadas: tomando en consideración el valor efectivo actual del capital de ellas o el valor en el mercado de sus bienes inmuebles y muebles, debiendo siempre optar por la tasación

---

(³) En el texto inglés se usa la frase *"patent-rights"*, una traducción más exacta de la cual sería "derechos de patente".

que resulte mayor. *Cf. Sucn. Giusti* v. *Tribunal de Contribuciones y Buscaglia, interventor,* ante, pág. 117.

Analizando los tres artículos del Código Político antes citados nos hallamos con que por disposición expresa del 290 toda propiedad no exenta expresamente del pago de contribuciones deberá ser tasada y además que las marcas de fábrica son consideradas específicamente como bienes muebles; que entre los bienes exentos del pago de contribuciones por el 291 no se hallan las marcas de fábrica; y que de acuerdo con el artículo 317 entre los bienes de toda corporación a ser tasados se encuentran *"todos los derechos,* franquicias y concesiones.'' Las exenciones contributivas han de ser interpretadas estrictamente, no pudiendo inferirse y debiendo consignarse en lenguaje claro e inequívoco. *Ochoa Fertilizer* v. *Tribunal de Contribuciones,* 68 D.P.R. 425, 431. No habiendo disposición alguna que exima expresamente las marcas de fábrica, la presunción prima facie es que las mismas deben ser tasadas y que están sujetas al pago de contribución sobre la propiedad.

Es sabido que una marca de fábrica no es otra cosa que un diseño o símbolo utilizado por el fabricante o vendedor de algún producto para distinguirlo de productos similares fabricados o vendidos por otras personas. No obstante, aunque una marca de fábrica es un derecho de propiedad no puede valorarse como tal independientemente del negocio e industria en que se le usa. *Hanover Milling Co.* v. *Metcalf,* 240 U.S. 403, 60 L.ed. 713; *Trade-Mark Cases,* 100 U.S. 82, 25 L.ed. 550; *American Steel Foundries* v. *Robertson,* 269 U.S. 372, 70 L.ed. 317; *United Drug Co.* v. *Rectanus Co.,* 248 U.S. 90, 63 L.ed. 141; *Ph. Schneider Brewing Co.* v. *Century Distilling Co.,* 107 F.2d 699; *E. F. Prichard Co.* v. *Consumers Brewing Co.,* 136 F.2d 512; *Kelly Liquor Co.* v. *National Brokerage Co.,* 102 F.2d 857; *Lone Ranger, Inc.* v. *Cox,* 39 F. Supp. 487; *American Agr. Chemical Co.* v. *Moore,* 17 F.2d 196, 199; *R. H. Macy & Co.* v. *Macys, Inc.,* 39 F.2d

186, 187; *General Baking Co.* v. *Goldblatt Bros.,* 90 F.2d
241, 242; 52 Am. Jur. 513, sección 13. Por consiguiente,
siendo las marcas de fábrica bienes muebles según el ar-
tículo 290 del Código Político, constituyendo las mismas un
derecho de propiedad, y disponiendo el artículo 317 de dicho
código que los bienes muebles de la corporación incluirán
*derechos,* franquicias y concesiones, no es sino lógico llegar
a la conclusión de que las marcas de fábrica pueden ser
tasadas a los fines de la imposición de contribuciones sobre
la propiedad. Así lo resolvemos.

██ Ahora bien, habiendo llegado a la anterior conclu-
sión, ¿debemos sostener la tasación que de las marcas de
fábrica de la interventora hizo el Tesorero en este caso?
Creemos que no. Aunque la presunción en derecho es que
toda determinación contributiva hecha por el Tesorero de
Puerto Rico se presume correcta y que es al contribuyente
a quien incumbe destruir tal presunción, la determinación de
dicho funcionario, sin embargo, será anulada si se demues-
tra que la misma es irrazonable, arbitraria, injusta o capri-
chosa. Véase *Buscaglia, Tes.,* v. *Tribunal de Contribuciones
y Sucesores de Abarca, interventora,* 69 D.P.R. 878.

██ De la opinión del tribunal a quo se desprende que
del promedio de beneficios netos obtenidos por la interven-
tora durante los años 1940–1944, ascendente a $1,023,877.34,
el tasador del Tesorero, llamado como testigo de la contri-
buyente, estimó que un 2 por ciento era atribuible a las mar-
cas de fábrica, capitalizó el producto obtenido al 11 por ciento,
lo que le dió $186,159.52, y fijó $185,000 como tasación de las
marcas de fábrica, a fin de usar números redondos. La que-
rellante también utilizó el testimonio de su contador. El
Tesorero, sin embargo, no ofreció prueba de clase alguna.
Sobre esta cuestión el tribunal recurrido se expresó así: ''El
hallar el promedio de ingresos netos del negocio, percibidos
durante cinco años, para multiplicar dicho promedio por un
coeficiente, cualquiera que éste sea, y considerar el producto

obtenido como si fuera el valor de las marcas de fábrica, es un error fundamental y de tal naturaleza que destruye la presunción de corrección que la determinación del Tesorero, como cuestión de derecho, tiene." Concluyó, conforme hemos hecho constar al principio de esta opinión, que el Tesorero debía incluir la partida de $18,040.73 como valoración dada por la recurrente en sus libros a las fórmulas de los productos "Don Q" y "Boca Chica". Ninguna valoración dió dicho tribunal, sin embargo, a las marcas de fábrica en controversia. El hecho de que el procedimiento seguido por el Tesorero en la tasación de las marcas de fábrica envueltas en este caso, fuera a juicio del Tribunal de Contribuciones irrazonable, arbitrario, injusto o caprichoso, no significaba en manera alguna que tales marcas no debían ser tasadas. *Mayagüez Sugar Co.* v. *Sancho Bonet, Tes.*, 64 D.P.R. 734, 737; *Helvering* v. *Taylor*, 293 U.S. 507, 514, 79 L. ed. 623, 629, y casos en él citados. Deben serlo conjuntamente con las propiedades pertenecientes a la industria o al negocio a que corresponden. Al así hacerlo, según ocurre en casos de expropiación forzosa,(⁴) el tribunal no viene obligado a regirse por la valoración fijada por una u otra parte, sino que luego de aquilatar la prueba por ellas aducida,(⁵) debe hacer sus propias conclusiones y fijar de acuerdo con su propio criterio la tasación de las propiedades de la querellante, incluyendo las marcas de fábrica en cuestión.

*Debe revocarse la resolución recurrida y devolverse el caso al Tribunal de Contribuciones para que éste, bien con la prueba ya aducida o autorizando a las partes a ofrecer nueva evidencia sobre el particular, fije el valor de las propiedades de la querellante, conjuntamente con el de las marcas de fábrica aquí envueltas.*

El Juez Asociado Señor Negrón Fernández se inhibió.

---

(⁴)Véase el caso de *Pueblo* v. *Saldaña*, 69 D.P.R. 711.

(⁵)El Tesorero no viene obligado a presentar prueba y puede descansar en la presunción de correcta que tiene su determinación contributiva. Si a su juicio esa presunción es destruída o menoscabada por la contribuyente, nada impide que él presente la prueba que estime pertinente.