A. FERNÁNDEZ HNO. & CÍA., peticionaria, *v.* TRIBUNAL DE CONTRIBUCIONES DE PUERTO RICO, ETC., demandado; RAFAEL A. BUSCAGLIA, TESORERO DE PUERTO RICO, interventor.

Núm. 90.—*Sometido:* Julio 1, 1946. *Resuelto:* Julio 26, 1946.

*E. Martínez Rivera* y *Luis Blanco Lugo,* abogados de la peticionaria; *Hon. Procurador General E. Campos del Toro* y *J. B. Fernández Badillo, Procurador General Auxiliar,* abogados del interventor, Tesorero de Puerto Rico, querellado en el pleito principal.

El Juez Asociado Señor Córdova emitió la opinión del tribunal.

Se trata en este caso de la revisión de una sentencia del Tribunal de Contribuciones declarando sin lugar la querella en que la peticionaria impugnaba las deficiencias determinadas por el Tesorero respecto a la contribución sobre ingresos de la peticionaria para los años 1938 y 1939.

La querella y la prueba de la peticionaria se limitaron a expresar la conclusión de que eran improcedentes las deficiencias porque los ingresos y egresos de la peticionaria eran los que informó la peticionaria en las declaraciones que oportunamente radicó para los años 1938 y 1939. Además, la peticionaria presentó en evidencia sus libros. El Tribunal de Contribuciones resolvió que la contribuyente no rebatió la presunción de que las deficiencias determinadas por el Tesorero son correctas.

Ni de la querella ni de la prueba aparece cuáles son las partidas de ingresos o de egresos que están en controversia. Lo único que sabemos, y lo único que supo el Tribunal de Contribuciones es que el Tesorero impuso deficiencias y que la contribuyente ha dicho bajo juramento que son improcedentes las deficiencias porque las declaraciones de ingresos que ella rindió eran correctas.

Convenimos con el Tribunal de Contribuciones en que la prueba de la contribuyente, en esas circunstancias, no es suficiente para rebatir la presunción de corrección que tienen las deficiencias impuestas por el Tesorero. El contribuyente no ha contradicho directamente las deficiencias, que tienen que haberse basado en la modificación o rechazo de determinadas partidas de los ingresos o egresos informados por la contribuyente, o la adición de nuevas partidas de ingresos. No explica cuáles son esas partidas, ni en qué particular discrepa de la determinación del Tesorero.

En el informe oral ante esta Corte, la contribuyente dió a entender que si no alegó ni probó nada en cuanto a las partidas específicas en que pudieran haberse basado las deficiencias, es porque las ignora. Ni de los autos ni de los alegatos ante el Tribunal de Contribuciones aparece que la contribuyente ignorara las partidas en que se basaron las deficiencias. La contribuyente ni acompañó a su querella ni presentó en evidencia copias de las notificaciones de deficiencia. Según la práctica(¹) esas notificaciones debieron haber informado al contribuyente de las partidas en controversia. Si no lo informaron, debió haberlo así alegado y probado la contribuyente. No habiéndolo alegado ni probado, debemos presumir, a base de la práctica que conocemos, que el contribuyente conocía las partidas en controversia y omitió o prefirió no mencionarlas ni discutirlas.

La presunción de que el Tesorero actuó correctamente al rechazar, modificar o adicionar determinadas partidas de egresos o ingresos no puede rebatirse si se omite o esquiva la discusión de esas partidas. El Tribunal de Contribuciones no puede dar entero crédito a la declaración del contribu-

---

(¹)La práctica de informar las partidas rechazadas, modificadas o adicionadas aparece de los muchos casos que este Tribunal viene revisando, y surge tácitamente también del artículo 327 del Reglamento Núm. 1 de Contribuciones sobre Ingresos, que exige que al protestar el contribuyente del aviso preliminar de deficiencia, debe detallar aquellas conclusiones del Negociado de Contribuciones sobre Ingresos de las cuales toma excepción, y exponer los fundamentos que tiene para cada excepción.

yente de que, en términos generales, sus ingresos y egresos fueron los que informó oportunamente, cuando esa declaración está frente a una determinación específica del Tesorero de que en cierto particular los ingresos, o los egresos, no fueron correctamente informados por el contribuyente, y en cuanto a ese particular el contribuyente calla. Es cierto que en este caso el Tribunal de Contribuciones ignoraba, como ignoramos nosotros, la partida o partidas en controversia. Y es cierto que el Tesorero sabe, o debe saber, cuál es ésa partida, o partidas. Pero debemos presumir que la contribuyente también lo sabía. Y no es al Tesorero, sino al contribuyente, a quien incumbe plantear adecuadamente la verdadera controversia, hasta donde el contribuyente la conoce, y probar que en esa controversia le asiste la razón.

No erró el Tribunal de Contribuciones al desestimar la querella de la peticionaria. *Debe confirmarse su decisión.*