CORPORACIÓN AZUCARERA SAURÍ & SUBIRÁ, peticionaria, *v.* TRIBUNAL DE CONTRIBUCIONES DE PUERTO RICO, demandado; RAFAEL BUSCAGLIA, TESORERO DE PUERTO RICO, interventor.

Núm. 185.—*Sometido:* Mayo 6, 1948.  *Resuelto:* Julio 19, 1948.

---

*Leopoldo Tormes García,* abogado de la peticionaria; *Hon. Procurador General Luis Negrón Fernández* y *Edgar S. Belaval,* abogado especial éste del Departamento de Justicia, abogados del interventor, querellado en el pleito principal.

El Juez Asociado Señor Marrero emitió la opinión del tribunal.

El Tesorero de Puerto Rico allá para el 2 de octubre de 1944 envió a la Corporación Azucarera Saurí & Subirá notificaciones de deficiencias en contribuciones sobre ingresos para los años contributivos terminados en julio 31 de 1934 a julio 31 de 1941, ambos inclusive. En su oportunidad la contribuyente solicitó reconsideración y vista administrativa de las deficiencias así notificádasle. El Tesorero concedió la vista interesada y luego de oír a la peticionaria hizo una nueva determinación y fijó la del año contributivo terminado en julio 31 de 1941, que originalmente figuraba en la cantidad de $13,243.90, en la suma de $4,705.25, incluyendo intereses. No conforme la peticionaria acudió al Tribunal de Contribuciones de Puerto Rico, después de haber prestado la fianza correspondiente ante el Tesorero. El Tribunal de Contribuciones oyó amplia prueba y en 14 de octubre del pasado año dictó resolución declarando con lugar algunas de las partidas reclamadas por la peticionaria y rechazando, para el año 1941, la deducción de la suma de $14,047.72 que en concepto de depreciación de edificios y anexos de la factoría ella reclamaba. Acudió entonces la peticionaria ante este Tribunal y expedimos el auto de *certiorari* en armonía con lo dispuesto en la sección 5 de la Ley núm. 169 de 15 de mayo de 1943 (págs. 601, 611).

En su petición y en el memorándum radicado en apoyo de la misma la peticionaria alega que el Tribunal recurrido cometió error ''al sostener la actuación del Tesorero en lo que respecta al rechazo de la depreciación reclamada sobre los edificios y anexos de la factoría (Central Constancia), en la suma de $14,047.72 para el año contributivo terminado en

julio 31 de 1941, dejando de aplicar lo dispuesto en la sección 32(*a*)(6) de la Ley de Contribuciones sobre Ingresos.''

La sección 32(*a*) de la Ley de Contribuciones sobre Ingresos[1] en su inciso 6, según fué enmendada por la Ley núm. 31 de 12 de abril de 1941 (págs. 479, 523), provee lo siguiente:

''(6) Una concesión razonable por el agotamiento, desgaste, deterioro de propiedad usada en la industria o negocio, incluyendo una concesión razonable por la obsolecencia, pero no se concederá deducción alguna bajo este inciso, a menos que el agotamiento, desgaste, deterioro o depreciación aparezca claramente en los libros de la contribuyente como sufridas durante el año contributivo, en aquellos casos en que la contribuyente lleve libros. *Disponiéndose,* que ello no implica que el Tesorero continúe obligado a aceptar las pérdidas consignadas en los libros en este concepto; *Disponiéndose, además,* que el montante agregado concedido por depreciación, agotamiento, desgaste o deterioro, nunca podrá reducir el valor de la propiedad en los libros a menos del justo valor de la misma al final de cada año contributivo.''

En el anexo acompañado a la notificación de deficiencias para el indicado año, al referirse a la depreciación reclamada por la contribuyente sobre la Central Constancia, el Tesorero hace constar que rechaza la partida de $14,607.72 ''por ser el valor de las propiedades en los libros menor que el justo valor según tasación, . . . . ''. Arguye la contribuyente que fué un error de dicho funcionario referirse al justo valor de las propiedades según tasación, toda vez que el aludido inciso de la sección 32 sólo habla ''del justo valor de la misma (propiedad) al final de cada año contributivo,'' sin hacer referencia en forma alguna a la tasación de la propiedad.

Se hace innecesario, en verdad, resolver la cuestión así suscitada. Es principio conocido de derecho que toda determinación contributiva hecha por el Tesorero de Puerto Rico se presume correcta y que es al contribuyente a quien incumbe demostrar con prueba persuasiva y feha-

[1] Número 74 de 6 de agosto de 1925 (pág. 401).

ciente que tal determinación es errónea. Véanse *Mayagüez Sugar Co. v. Sancho, Tes.*, 64 D.P.R. 734, 736; *Rossi v. Tribunal de Contribuciones*, 66 D.P.R. 425, 429; *A. Fernández Hno. v. Tribl. Contribuciones*, 66 D.P.R. 603, 605; *In Re Glover-McConnell Co.*, 9 F.2d 683; *United States v. Tillinghast*, 69 F.2d 718, 722 y Mertens, *Law of Federal Income Taxation*, Vol. 9, sección 49.180, pág. 163. Veamos, pues, si esa presunción ha sido rebatida.

La prueba aducida por la peticionaria para controvertir la determinación hecha por el funcionario de hacienda y para demostrar que su contención era correcta, consistió principalmente en el testimonio de Juan C. Villarini, Contador Público Autorizado. Éste, a preguntas del abogado de la querellante manifestó:

"Al examinar la naturaleza de las partidas referidas rechazadas por el Tesorero, por concepto de depreciación, pude notar que la empresa, a partir del año 1918 y 1919 había seguido la práctica de depreciar anualmente sus propiedades por el valor en los libros, después de deducir la depreciación del año anterior. Es decir, que se aplicó a esta empresa, lo dispuesto en el Boletín publicado por el Departamento de Hacienda, sobre depreciación y reparaciones, en aquella parte que autoriza a adquirir la depreciación anual en la cuenta de la propiedad, en vez de crearse una reserva separada, tomando erróneamente cada año, como una deducción del valor depreciable. Es decir, que en vez de meramente acreditar la depreciación anualmente en los libros de acuerdo con el tipo concedido por el Tesorero, tomaban como base un año en el valor en los libros menos toda la depreciación que se hubiera acumulado en años anteriores. Como resultado de esto, al llegar el año 1939, que es el primer año envuelto en esta deficiencia, se notó que los valores que aparecen en los libros como base de depreciación representaban el valor neto depreciado, y como resultado de esto hubo necesidad de hacer un análisis de los costos originales."

Repreguntado inmediatamente por el letrado del Tesorero, contestó:

"Para restablecer los verdaderos valores que después sirven de base para contabilizar la depreciación y reclamarla en planilla, hici-

mos un análisis desde el año 1918 en adelante determinando los costos originales; determinando las distintas clases de propiedades, teniendo en cuenta las mejoras correspondientes, los retiros y los depósitos por venta de propiedades, así como la depreciación que debía de haberse eliminado, como cada activo retirado, y después de ese procedimiento se determinaron los valores a depreciar en el año 1938, 1939 y 1940 y para el 1941. Entonces, aplicando las depreciaciones concedidas por el Tesorero a la contribuyente, determinamos eso, mediante el empleo de columnas. Primero el tipo de depreciación reclamado en planilla; el tipo de depreciación que podía reclamarse de conformidad con el Boletín preparado por el Departamento de Hacienda y el tipo de depreciación concedido por el Tesorero. Entonces procedimos a cargar la depreciación sobre las tres distintas bases para determinar, en primer lugar, la depreciación que el contribuyente reclamó en planilla, aquello que pudo haber reclamado de acuerdo con los tipos concedidos por el Tesorero y sobre los cuales no había discrepancia, y, entonces establecimos la diferencia de lo que se reclamó en planilla y lo que pudo haberse reclamado y lo que concedió el Tesorero por depreciación para establecer la depreciación reclamada de menos en planilla.''

Si bien declararon otros testigos por la peticionaria, no hubo prueba específica del justo valor de las propiedades. No era suficiente demostrar cuál era el valor de las propiedades según los libros, ni que el justo valor dado por ella a las mismas era el valor depreciado de tales propiedades de acuerdo con sus libros de contabilidad. Ya hemos resuelto que el costo original de una propiedad menos su depreciación no constituye el valor de ella en el mercado. *Mayagüez Sugar Co. v. Sancho, Tesorero,* supra. Lo material, lo pertinente, era demostrar el justo valor de las propiedades con prueba persuasiva y fehaciente, que destruyera la presunción que de correcta tiene la determinación contributiva hecha por el Tesorero, independientemente de que tal determinación fuera o no el justo valor de la propiedad en cuestión.

No habiéndose ofrecido por la peticionaria prueba persuasiva y fehaciente respecto al justo valor de las propiedades sobre las cuales reclamaba depreciación para el año

1941, no se destruyó la presunción existente en favor del Tesorero y el Tribunal de Contribuciones, por ende, actuó acertadamente al rechazar tal depreciación.

*Debe confirmarse la resolución objeto del recurso.*

El Juez Asociado Sr. De Jesús no intervino.