RAFAEL BUSCAGLIA, TESORERO DE PUERTO RICO, peticionario, *v.* TRIBUNAL DE CONTRIBUCIONES DE PUERTO RICO, demandado; FRANCISCO A. AGUIRRE, interventor.

Núm. 205.—*Sometido:* Febrero 1, 1949. *Resuelto:* Julio 29, 1949.

*Hon. Procurador General Vicente Géigel Polanco, (Luis Negrón Fernández, Ex Procurador General, en el alegato) y Elmer Toro Lucchetti, Procurador General Auxiliar, abogados del peticionario; F. M. Susoni, Jr., abogado del interventor, querellante en el pleito principal.*

EL JUEZ PRESIDENTE SEÑOR DE JESÚS emitió la opinión del tribunal.

El Tesorero notificó al interventor ciertas deficiencias en sus contribuciones sobre ingresos consistentes: (*a*) en dejar

de incluir como ingresos para los años 1941 y 1942 beneficios no distribuídos en F. Fresno & Cía., de la cual el interventor era socio; y (b) en no declarar como ingresos $21,000 depositados en su cuenta corriente en The National City Bank of New York, Sucursal de Arecibo, durante el año 1936 y $3,400 depositados en el mismo banco en cuenta de ahorros en el año 1937.

El interventor acudió ante el Tribunal de Contribuciones, el cual sostuvo su querella.

El primer punto está resuelto adversamente al interventor en el caso de *Buscaglia, Tes.* v. *Tribunal de Contribuciones y Ballester, interventor,* 69 D.P.R. 750, reconsideración denegada en julio 28, 1949, ante, pág. 386.

En cuanto a la segunda cuestión, precisa determinar si el contribuyente destruyó la presunción de correcta que conlleva la determinación del Tesorero.

El contribuyente, explicando la procedencia de las sumas indicadas, declaró que constituían los ahorros que había hecho en sus negocios desde el año 1922; que anteriormente tenía ese dinero en el banco, pero que al venir la depresión en el 1932, lo retiró en parte guardándolo en su caja de caudales y dejó en el banco lo suficiente para hacer frente a sus negocios; que durante los años 1936 y 1937 contrajo ciertos compromisos y entonces volvió a depositar el dinero en el banco.

Así vemos que la única prueba que presentó el interventor para destruir la presunción a favor de la determinación del Tesorero, fué su propia declaración en los términos ya expuestos. Esto no obstante el Tribunal de Contribuciones, al referirse a los ingresos de 1936, dijo lo siguiente:

*"Tocante a los depósitos extraordinarios por $21,000.—La declaración, de carácter general, que en la silla de los testigos hiciera el apelante, al efecto de que en 1932 hubo un pánico en los bancos, no evidencia que lo que por él fuera retirado de su banco en ese*

*año ascendía precisamente a $21,000, o a cualquier otra cantidad determinada;* ni prueba que la cuantía de sus llamados ahorros fuera igual a, o en exceso de, $21,000. Tampoco se puede aseverar, basándose en dicha declaración, que no montaba a tales cifras.

"No sabemos, por falta de prueba, cuáles fueron los ingresos del recurrente en los años que precedieron al 1936; ni sus gastos. Suponiendo que el recurrente pudo ahorrar $23,000 desde 1922 hasta 1935, tal hecho, *per se,* no es suficiente para demostrar que los $21,000 depositados durante 1936 no fueron derivados de otras actividades suyas durante ese año. Pero en *mucho menor grado* constituye ello prueba de que sí fueron obtenidos de las referidas otras actividades. *En otras palabras, aunque el querellante no demostró con toda precisión cuál fué el origen detallado de los $21,000, entendemos que, en la ausencia de alegación de fraude, error, o mala fe, Aguirre logró destruir la presunción de corrección que tenía la determinación del Tesorero, y que traspasó a éste el 'onus probandi'.* No fué contradicho ni refutado su testimonio al efecto de que sus depósitos extraordinarios de $8,000 más $8,000, $3,000 y $2,000, realizados en 1936, provenían de los mencionados ahorros anteriores; y, además, que él hubo necesidad de efectuar esas imposiciones para pagar giros y los compromisos contraídos en ese año con las casas cuyos productos él vendía en el país.

"Es verdad que, según su declaración de ingresos del año 1936, *Exhibit* B del querellado, presentado, sin objeción, en evidencia, los gastos de Aguirre fueron $2,480.84 solamente. Para cubrir desembolsos de aproximadamente $2,500, no parece que fuera necesario depositar en el banco, para el pago de giros y compromisos, la suma de $21,000. Pero también es cierto que estamos revisando *todos* los datos de dicha planilla, y que de lo que ahora nos ocupamos es de presuntos ingresos, y no de gastos.

"*Por otro lado, es indudable que el conservar aproximadamente $21,000 en una caja de caudales, sin invertir, por espacio de poco menos de (1936–1932) 4 años, es algo que ordinariamente no se le ocurre a ningún comerciante inteligente y precavido como, juzgando por su atestación, lo es el recurrente.* Semejante inacción debió haber representado para él una pérdida de aproximadamente ($21,000 × 0.08 = $1,680. $1,680 × 4 años = $6,720, digamos $6,000) $6,000. Pero también es cierto que él pudo haber hecho tal cosa, aunque ello fuera un error, un capricho o el resultado de un infundado temor."
(Bastardillas nuestras.)

Y en cuanto a los del año 1937 se expresó así:

"—*Tocante a depósitos de $3,400 en cuenta de ahorros del recurrente.*—Según el escrito de apelación, los $3,400 fueron depositados en una cuenta de ahorros en el banco, mientras que, según el testimonio de Aguirre, dichos $3,400 fueron impuestos con sujeción a las mismas condiciones, y de la misma manera, en que fueran hechos los depósitos durante el año 1936.

"Obsérvese, asimismo, que, conforme a lo alegado en la querella, los $3,400 de que se trata 'procedían de economías propiedad del Sr. Aguirre obtenidas en años anteriores a 1936 y 1937'; y que, de acuerdo con su atestación ante nos—véase la narración de hechos en conexión con los depósitos extraordinarios por la suma de $21,000, efectuados en 1936, supra—el total de sus ahorros desde 1922 hasta 1935 ascendió a unos $23,000. Si de esos ahorros, *habidos antes de 1936,* él depositó $21,000 en el 1936, es obvio que en 1937 sólo le quedarían $2,000 para imponerlos en el banco y no $3,400. Los restantes ($3,400 — $2,000 y $1,400) pudieron fácilmente ser ahorrados desde 1935 hasta 1936-37 por el querellante, que era soltero y que, desde el año 1922, según la prueba aducida y no contradicha, tenía, aparentemente, el hábito de ahorrar anualmente unos $23,000 en 13 años = $1,770.00.

"Concluímos que el recurrente logró destruir la presunción de corrección que tenía la determinación del Tesorero; y que se debe declarar con lugar este extremo de la querella."

No podemos convenir con la conclusión a que llegó el Tribunal de Contribuciones. Para destruir la presunción que conlleva la determinación del Tesorero se requiere algo más que meras generalidades. Ya hemos resuelto que sólo se destruye esa presunción mediante una prueba clara y convincente. La de este caso dista mucho de serlo. *Corporación Azucarera* v. *Tribunal de Contribuciones,* 69 D.P.R. 204.

*Procede revocar la resolución recurrida y devolver el caso para ulteriores procedimientos consistentes con esta opinión.*

El Juez Asociado Sr. Negrón Fernández no intervino.