FRANCISCO CRESCIONI BELGODERE, demandante y apelado, *v.* SECRETARIO DE HACIENDA, demandado y apelante.

Número 11245.
*Sometido:* 9 de noviembre de 1954. *Resuelto:* 16 de agosto de 1955.

608

*Hon. Secretario de Justicia José Trías Monge* y *J. C. Santiago Matos,* abogados del apelante; *Elmer Toro Lucchetti,* abogado del apelado.

EL JUEZ PRESIDENTE SEÑOR SNYDER emitió la opinión del Tribunal.

La cuestión envuelta en este caso es si el contribuyente tenía derecho a deducir de su planilla de contribución sobre ingresos de 1948 una alegada pérdida de $1,400 como resultado de un choque sufrido por su automóvil. El Tesorero rechazó esta pérdida y le notificó al contribuyente una deficiencia en relación con la misma. Luego de un juicio en los méritos, el Tribunal Superior dictó sentencia admitiendo la pérdida pero reduciéndola a $1,100. El Tesorero ha apelado contra esta sentencia.

Francisco Crescioni Belgodere, el contribuyente, fué el único testigo durante el juicio. Su declaración fué imprecisa en algunos aspectos, pero no existe controversia en cuanto a los hechos sobre los cuales declaró. En junio de 1948 Crescioni compró un Cadillac usado por la suma de $2,400. Más tarde durante ese mismo año y en una fecha que el testigo no pudo recordar, el automóvil, que no estaba asegurado, fué chocado por una guagüita manejada por una persona insol-

vente, de la cual Crescioni recibió la cantidad de $150 como pago parcial de los daños que le ocasionó a su automóvil. El testigo no recordaba la suma que él gastó en la reparación del Cadillac después de chocado. En diciembre de 1948 el contribuyente, que siguió usando el automóvil después de éste ser reparado, lo vendió por $1,000.(¹)

De conformidad con la sec. 16(a)(6) de la Ley de Contribuciones sobre Ingresos, un contribuyente tiene derecho a deducir como pérdida los daños causados a su automóvil no asegurado—aun cuando éste no esté relacionado con una industria o negocio—que resulten de un accidente. *Helvering* v. *Owens*, 305 U. S. 468. La sec. 16(a)(6) dispone que la base para determinar el monto de la deducción será la misma que la dispuesta en la sec. 7 de la Ley para determinar la ganancia o la pérdida derivada de la venta o de alguna otra disposición de la propiedad. La sec. 7 dispone que dicha base será el costo de la propiedad. Y la sec. 5(a) y (b) dispone que al computar dicha ganancia o pérdida deberá hacerse el ajuste adecuado de (1) cualquier gasto que se pueda propiamente cargar a la cuenta de capital, y (2) cualquier partida de pérdida, merma, desgaste y deterioro, desuso, amortización, etc.

 A tenor con las anteriores disposiciones del estatuto en el caso de una pérdida no relacionada con un negocio—a no ser que dicha pérdida sea total—el monto de la pérdida es la diferencia entre el valor de la propiedad inmediatamente antes y su valor inmediatamente después del accidente que la ocasionó. *Helvering* v. *Owens*, supra; Miller, *Casualty Losses, 8th Annual New York University Institute on Taxation*, págs. 613–14, y casos citados. No se ofreció prueba alguna en cuanto al valor del automóvil en estas dos importantes fechas. El contribuyente no presentó prueba pericial sobre dicho valor; es más, ni siquiera hizo un estimado pro-

---

(¹) El testigo dijo que el automóvil ". . . quedó siempre en unas condiciones muy malas, lo tuve que vender."

pio del valor del automóvil antes y después del accidente. ([2]) Su declaración demostró solamente que en junio de 1948 él pagó $2,400 por un automóvil usado; que tuvo un accidente en alguna fecha indeterminada varios meses después; y que lo vendió en 1948 por $1,000. Los autos ni siquiera demuestran el costo de la reparación, con la excepción de que al contribuyente se le hizo un reembolso parcial de $150. Hasta donde surge de los autos, quizás el contribuyente hizo un mal negocio bien al comprar este automóvil usado por $2,400 o bien al venderlo por $1,000. O muy bien pudo haberlo usado en tal forma que su valor en el mercado en el curso natural de las cosas disminuyera de $2,400 a $1,000. Su reclamación por $1,400—que es la diferencia entre el precio de compra y el de venta—como una pérdida atribuíble al accidente es claramente injustificada. La conclusión del tribunal sentenciador—al efecto de que él sufrió una pérdida de $1,250 ([3]) atribuíble al accidente—no tiene apoyo en los autos. Y no encontramos evidencia alguna en qué basarnos para decir que el contribuyente probó una suma específica como pérdida resultante del accidente. Véanse Miller, supra, págs. 615–17, y casos citados; *Valdés* v. *Tribl. Contribuciones y Tesorero, Int.*, 71 D.P.R. 716, 722; *Tes.* v. *Tribl. Contribuciones y Aguirre*, 70 D.P.R. 408.

*La sentencia del Tribunal Superior será revocada y se dictará nueva sentencia declarando sin lugar la demanda del contribuyente.*

---

([2]) El tribunal sentenciador sabía de la necesidad de esa prueba e indicó en su opinión que ". . . no se ha presentado la evidencia que hubiera para demostrar ambos valores con precisión."

([3]) El tribunal sentenciador permitió una rebaja de $1,100 por esta pérdida. A esto hay que añadirle los $150 que recibió como compensación parcial por dicha pérdida.