ADOLFO VILANOVA DÍAZ, demandante y apelado, *v.* SECRETARIO DE HACIENDA DE PUERTO RICO, demandado y apelante.

Número 11386.

*Sometido:* 1 de noviembre de 1955. *Resuelto:* 23 de noviembre de 1955.

*Hon. Secretario de Justicia José Trías Monge (J. B. Fernández Badillo, Secretario de Justicia Interino, en el alegato) y Arnaldo P. Cabrera, Procurador Auxiliar, abogados del apelado.*

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del Tribunal.

El Secretario de Hacienda de Puerto Rico notificó cierta deficiencia y una penalidad de 50% sobre la misma por fraude, al contribuyente Adolfo Vilanova Díaz para el año 1948 por no haber éste declarado como ingreso la suma de $11,500. De esta suma, $10,000 consistieron en una inversión que hiciera el contribuyente en acciones de una corporación de Nueva York y los otros $1,500 en un préstamo que hiciera a su padre. No hay controversia en cuanto al hecho de estas inversiones.

El contribuyente recurrió ante el Tribunal Superior, Sala de San Juan, y luego de contestada la querella, se celebró un juicio en los méritos. La única prueba que tuvo ante sí el tribunal a quo fué presentada por el contribuyente. El Secretario de Hacienda descansó en la presunción de corrección de su determinación administrativa. Dicho tribunal dictó sentencia declarando con lugar la demanda, luego de formular las siguientes conclusiones de hecho:

"(1) Los hechos que quedaron probados son muy sencillos. Por los meses de septiembre y octubre de 1948 el demandante invirtió $10,000 en acciones de una corporación de Estados Unidos y prestó a su padre la cantidad de $1,500. El contribuyente está trabajando desde el año 1936 en un negocio de su padre y hasta el año 1948 se había ganado por concepto de sueldos y bonificaciones en dicho negocio unos $35,060. El demandante es el primero y único hijo varón de una familia de dos hermanos. Por mucho tiempo, aun después de contraer matrimonio en el año 1938, vivió· en el hogar de sus padres sufragando éstos todos sus gastos, y cuando puso casa aparte prácticamente para el solo efecto de dormir en ella, los padres siguieron afrontando en su casi totalidad los gastos del demandante y su familia.

"El demandante no tiene otras fuentes de ingreso que su trabajo en el negocio ya mencionado y es un hombre económico y de vida moderada.

"(2) En el año 1945 el contribuyente informó en su planilla un ingreso bruto de $4,600; en 1946 de $7,800; en 1947 de $4,390 y en 1948 de $6,050 por concepto de sueldo y bonificaciones. Con anterioridad a 1945 el demandante ganó unos $1,820 por cada uno de los años de 1941 a 1944; $1,560 en 1939 y en 1940; $1,040 en 1938; $520 en 1937 y $260 en 1936. El año contributivo del negocio del padre del demandante se cierra en el mes de agosto.

"(3) La cantidad de $11,500 invertida por el demandante en el año 1948 fué el producto de economías realizadas por él desde que comenzó a ganar dinero."

En apelación, el Secretario de Hacienda arguye que "[e]ste caso igual que el de *Tesorero* v. *Tribunal de Contribuciones y Aguirre, Interventor*, 70 D.P.R. 408 gira alre-

dedor de si para destruir la presunción de corrección que conlleva la determinación del Secretario de Hacienda se requiere algo más que meras generalidades". Citando a *Corporación Azucarera* v. *Tribunal de Contribuciones*, 69 D.P.R. 204, afirma que no se destruyó la presunción de correción mediante prueba clara y convincente.

No tiene razón el apelante. Los hechos de este caso son distinguibles de los del caso de *Aguirre*, supra. El testimonio del aquí demandante-apelado no se circunscribe a meras generalidades. Contiene en detalle la procedencia del ingreso considerado como no identificado por el Secretario de Hacienda. Su ingreso y sus economías año por año, a partir de 1936 y hasta 1948, aparecen claramente de su testimonio. "El tribunal no tiene razón—dijo el tribunal sentenciador— para descartar la prueba del demandante, la que aparte de merecerle entero crédito, no resulta ilógica, ni contraria a la realidad de los hechos como lo es el de que una persona que se ha ganado trabajando $35,000 en un período de años inmediatamente anterior al año en controversia, tenga ahorrados $11,500." Si se consideran todas las circunstancias que permitieron al apelado hacerse de esos ahorros, resulta aun más convincente la realidad de ese hecho. No podemos convenir con el apelante en que en este caso se trata de un ingreso no identificado, ni por ende, en que la prueba del contribuyente no destruyera la presunción de corrección de su determinación contributiva. *García* v. *Sec. de Hacienda*, 76 D.P.R. 503; *Cf. Soto* v. *Sec. de Hacienda*, ante pág. 177.

*La sentencia apelada será confirmada.*

El Juez Asociado Sr. Marrero no intervino.