Eulogio, Josefina, Alfonso, Luz María, Antonio, Lucía Mercedes y Rafael Angel Riera Bengoechea, asistido este último de su madre Josefina B. Vda. de Riera, demandantes y apelantes, *v.* Rafael Buscaglia, Tesorero de Puerto Rico, demandado y apelado.

Núm. 8288.—*Sometido:* Mayo 22, 1941. *Resuelto:* Mayo 28, 1941.

*Riera & Aponte,* abogados de los apelantes; *Hon. Procurador General George A. Malcolm* y *M. Rodríguez Ramos, Procurador General Auxiliar,* abogados del apelado.

El Juez Asociado Señor Travieso emitió la opinión del tribunal.

Los demandantes, dueños de un solar de 2,146.90 metros cuadrados, radicado en el barrio de Puerta de Tierra, en San Juan, reclaman la devolución de $656.65 pagados bajo protesta, por contribuciones impuestas al referido solar por el año económico 1938–39 y primer semestre de 1939–40, alegando en substancia: que desde el año 1928 hasta el año económico 1937–38 dicho solar fué valorado por ·el Tesorero a razón de $2.50 por metro cuadrado; que ésa es la justa y razonable valoración que debe darse a dicha propiedad; que en 28 de julio de 1938, el Tesorero notificó a los demandantes una nueva valuación para el año 1938–39, a razón de $12 el metro cuadrado; que los demandantes recurrieron en alzada ante la Junta de Revisión e Igualamiento, la cual redujo la tasación al tipo de $10 por metro cuadrado y se negó a reconsiderarla; que el valor de $21,470 que se ha dado a la propiedad en cuestión no representa el verdadero y razonable valor del inmueble en el mercado, siendo la nueva valuación excesiva, injusta, opresiva, errónea e ilegal; y, por último, que las condiciones de la propiedad no han variado desde el año económico 1937–38, siendo su valor efectivo actual el mismo que tenía en aquel año, o sea $5,368.

En su contestación el demandado negó que la tasación fuera injusta o excesiva y como materia nueva alegó, (*a*) que el solar de los demandantes es resto de otro de 2,864.48 m|/c, que los demandantes obtuvieron de El Pueblo de Puerto Rico, por permuta con un valor de $28,700, o sea a razón de un poco más de $10 por metro cuadrado; (*b*) que la tasación del solar, para el año 1927–28, a razón de $2.50 por m. c. no

representa el valor de los terrenos para el año 1938–39, pues en el año 1927 dichos terrenos se encontraban a un nivel más bajo que el de la carretera y allí desaguaban todos los terrenos de los alrededores, no habiéndose terminado aún la Avenida Fernández Juncos, y que la tasación fué revisada, subiéndose el valor de los terrenos, debido a haberse terminado la carretera y a que los terrenos fueron rellenados por El Pueblo de Puerto Rico a nivel de la nueva avenida; (c) que en julio 14, 1939, El Pueblo de Puerto Rico vendió a Pedro A. Pizá un solar casi inmediato al de los demandantes, aunque no tan bien situado, a razón de $12.50 por metro cuadrado; (d) que los demandantes no tienen derecho a reclamar cantidad alguna por el año 1939–40, por cuanto ellos no solicitaron retasación de la propiedad hasta ese año, ni se les hizo retasación alguna, ni acudieron ante la Junta de Revisión e Igualamiento para la tasación de dicho año.

Visto el caso, la Corte de Distrito de San Juan dictó sentencia desestimando la demanda e imponiendo las costas a los demandantes, quienes no estando conformes interpusieron este recurso, en el que alegan que la corte inferior erró al apreciar la prueba y que la sentencia es contraria a la evidencia y a la ley.

Examinemos la prueba.

La de los demandantes consistió en la declaración de dos testigos y en la presentación de los documentos necesarios para probar que el pago había sido hecho bajo protesta.

Antonio Riera, uno de los demandantes, declaró en cuanto a las gestiones realizadas por él para tratar de conseguir la reducción de la tasación; que los demandantes vendieron terrenos contiguos al solar en litigio, al Pueblo de Puerto Rico, a $3.50 por metro cuadrado; que los demandantes pusieron un anuncio ofreciendo en venta los solares y nadie se interesó en comprarlos, a pesar de haber tenido el anuncio por más de un año; que esos terrenos son ganados al mar y pantanosos y no se puede fabricar en ellos sin hincar pilotes, lo que aumenta el costo de la construcción; que el relleno

que se alega constituye una mejora, fué hecho con basura, lo que resulta un inconveniente para las excavaciones que haya que hacer para edificar; que los demandantes estarían dispuestos a dar esos terrenos a $15 el metro.

José Montilla, ingeniero civil, declarando como experto en tasaciones, dijo que tomando en consideración que para poder fabricar en el solar sería necesario gastar mucho dinero en una cimentación con pilotes, él estima que un valor de $5 a $6 por metro sería razonable; que en ese sitio de la Avenida Fernández Juncos hay solares que valen más; que en todos los terrenos robados al mar hay que hincar pilotes.

La parte demandada presentó como único testigo al Sr. Vicente A. Texera, tasador de la propiedad por el Gobierno Insular, quien declaró: que fué él quien tasó los terrenos de la Sucesión Riera en 1937 y para ello tomó en consideración la situación del terreno, el acceso a las vías de comunicación, la configuración del terreno y la importancia del sitio donde radica el inmueble; que le dió un valor de $12 el metro, aunque consideraba que su valor en el mercado no debía ser menos de $15, pero teniendo en cuenta las valoraciones de los demás terrenos ganados al mar le dió un valor de $12 el metro; que se hizo una valoración general de todos los terrenos de esa demarcación de la Carretera Nueva, a razón de $10 el metro, exceptuando las esquinas que se tasaron a $12 el metro cuadrado; que el solar de Riera, a pesar de ser esquina fué tasado a razón de $10 el metro; que a ese precio han sido tasados todos los terrenos hasta el Club Náutico; que los terrenos de Riera son mejores que los otros que llegan hasta dicho club, porque tienen acceso al malecón y está dragado el caño donde atracan los vapores; que los terrenos de Smallwood, que son iguales a los de Riera están tasados a $10 y $12 el metro y se vendieron a $15 y $18 el metro cuadrado; que los terrenos de Pizá fueron tasados en la misma época a $10 el metro; y que todos esos terrenos están en la zona comercial de San Juan.

No nos convence la argumentación de los apelantes para sostener que la sentencia es contraria a la prueba. La corte inferior dió entero crédito a la declaración del tasador Sr. Texera, quien estimó en $12 el metro cuadrado como valor razonable de los terrenos en cuestión. El propio testigo de los demandantes, Sr. Montilla, tasó los mismos terrenos en $6 el metro, mientras el demandante insistió en que debía restablecerse la valoración anterior de $2.50 el metro cuadrado. La sentencia recurrida aceptó el tipo fijado por la Junta de Revisión e Igualamiento de $10 por metro cuadrado, teniendo en consideración el hecho de que todos los terrenos colindantes con los de los demandantes han sido igualmente valorados.

Nuestra intervención, para hacer arbitrariamente una valoración distinta a la hecha por la Junta de Revisión e Igualamiento y aprobada por la corte inferior, no estaría justificada. No apareciendo de la evidencia aducida por los demandantes que la tasación sea tan alta que deba ser considerada como confiscatoria y opresiva, es nuestro deber sostenerla, pues es principio bien sentado el de que toda tasación se presume correcta, justa y razonable, hasta que por medio de evidencia clara y convincente se demuestre que no lo es. Véanse: *Wanson v. Snohomish County*, 71 P. (2d) 170; *Washington Union Coal Co. v. Thurston County*, 2 A. L.R. 1546; Cooley *on Taxation*, 4ª. ed., vol. 3, capítulo 18, sección 1199, pág. 2401; y *Viera v. Domenech, Tes.*, 53 D.P.R. 327.

*Debe confirmarse la sentencia.*