Mayagüez Sugar Company, Inc., demandante y apelante, *v.* Rafael Sancho Bonet, Tesorero de Puerto Rico, demandado y apelado.

Núm. 8918.—*Sometido:* Diciembre 19, 1914. *Resuelto:* Marzo 23, 1945.

*J. J. Ortiz Alibrán,* abogado de la apelante; *Hon. Procurador General Interino Jesús A. González* y *Carmen B. Hernández, Procuradora Auxiliar,* abogados del apelado; *James R. Beverley, R. Castro Fernández* y *José López Baralt,* como *amici curiae.*

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

A los efectos de imponer la contribución sobre la propiedad de la demandante para el año contributivo 1938–1939, el Tesorero de Puerto Rico valoró los edificios y maquinaria para fabricar azúcar en la cantidad de $303,400. Recurrió la demandante para ante la Junta de Revisión e Igualamiento, la cual redujo esa valoración a la cantidad de $296,000. Alegando la demandante que el valor en el mercado de los edificios y maquinaria el 15 de enero de 1938 era $150,250, pagó bajo protesta la contribución que de conformidad con la decisión de la Junta liquidó el Tesorero, y oportunamente instituyó este pleito en la corte de distrito para que le fuese devuelta la cantidad de $3,367.56 que alegó le fué ilegalmente cobrada, más los recargos correspondientes e intereses legales desde la fecha de la interposición de la demanda. La corte de distrito, luego de oír el caso en sus méritos, desestimó la demanda con costas a la demandante, fundándose en que presumiéndose correcta la tasación que hizo la Junta, no deberá ser alterada por los tribunales a menos que el contribuyente demuestre que por ser tan excesiva resulta opresiva o injusta, y cita en apoyo de su conclusión, entre otros, el caso de *Saurí & Subirá* v. *Hill, Tesorero Auxiliar,* 26 D.P.R. 609.

No sabemos cuál fué el método que usó la Junta para computar el valor en el mercado de los edificios y maquinaria de la demandante. Sí sabemos que el tasador que empleó el Tesorero para valorar la propiedad tasó los edificios y maquinaria en $374,124; que el Tesorero, de su propia iniciativa, redujo esa valoración a $303,400, y que la

Junta redujo esta última a $296,000, sin que aparezca del récord el método empleado para esta reducción.

En el acto del juicio Eduardo Saldaña, ingeniero tasador de centrales en el Departamento de Hacienda desde el año 1937, declaró que tasó la propiedad en cuestión, y detalladamente explicó el método que siguió para fijar en $374,124 el valor en el mercado de los edificios y maquinaria de la demandante. El método puede exponerse así:

Se practica un inventario de la maquinaria, e incluye en él el valor físico del edificio que la cubre. Para valorar cada aparato o máquina, determina cuál sería su costo de reproducción. Fijado éste, averigua en qué año se instaló el aparato o máquina, determinando así su edad a la fecha de la valoración; determina la vida del aparato o máquina, y su valor en desuso (*scrap value*), y restando éste del costo de reproducción, encuentra el valor depreciable. Determina si el aparato debe ser depreciado por ser inadecuado (*obsolescent*), y del valor depreciable toma el treinta por·ciento, que es el por ciento de valor que según las tablas que él usa es el aplicable en este caso. A esto le suma el por ciento de gastos generales (*overhead*), que estima en doce por ciento del costo de reproducción sin rebajarle la depreciación. Y a todo esto adiciona lo que él denomina el ·factor de vida (*enlivening factor*), el cual computa deduciendo de los beneficios netos que ha producido la central durante el año 1940–41, las contribuciones pagadas, las reservas para reposición de activo y un interés sobre la inversión, y capitalizando el remanente a los efectos de la industria azucarera al treinta y cinco por ciento.

Como dice el juez de la corte inferior, la jurisprudencia tanto de Puerto Rico como de los Estados Unidos por regla general sostiene que la valoración que hagan la Junta o los funcionarios encargados de la tasación de la propiedad se presume correcta, y al contribuyente que la impugna incumbe demostrar con evidencia persuasiva que la tasación es tan

excesiva que resulta injusta y confiscatoria, y probar a la corte cuál es el valor razonable de la propiedad en el mercado. The *Ensenada Estates, Inc.* v. *Hill,* 24 D.P.R. 491; *Viera* v. *Domenech, Tes.,* 53 D.P.R. 327; *Riera* v. *Buscaglia, Tes.,* 58 D.P.R. 762; *General Electric Co.* v. *City of Erie* (Pa. 1933), 168 Atl. 534; 3 Cooley, *The Law of Taxation* (cuarta edición, 1924), págs. 2298–2299.

 Es innecesario determinar si el método usado por el tasador fué adecuado, a menos que se demuestre con evidencia persuasiva que la valuación que finalmente declaró la Junta fuera tan excesiva que resultase injusta o confiscatoria. Ya hemos visto que el ingeniero tasador valoró esta propiedad originalmente en $374,124, que el Tesorero de su propia iniciativa la redujo a $303,400, y que, por último, la Junta, cuyos miembros se presumen expertos en materia de tasación de propiedad, la redujo a $296,000, estableciéndose así una diferencia de $78,124 entre la tasación original del ingeniero Saldaña y la fijada por la Junta. El valor de $150,250 que la demandante da a los edificios y maquinaria es a nuestro juicio claramente erróneo, toda vez que al computarlo no se consideraron ciertos elementos de valor que todo comprador toma en cuenta para determinar el precio que deba pagar, tales como el beneficio que producen (Monografías, L.R.A. 1916 C, pág. 529; 95 A.L.R. 442), sitio donde están localizados, el negocio que puedan controlar, conveniencias de transportación y la calidad del terreno. *Saurí & Subirá* v. *Hill, Tesorero Auxiliar,* supra, págs. 616–617; *General Electric Co.* v. *City of Erie,* supra; *Assessors of Quincy* v. *Boston Consol. Gas Co.* (Mass. 1941), 34 N. E. (2d) 623. Para llegar a la cantidad de $150,250, la demandante solamente consideró el costo original menos la depreciación. El resultado no puede ser en manera alguna el valor de la propiedad en el mercado, sino el costo depreciado. No puede argüirse que la propiedad no tiene un valor en el mercado por el hecho de que no haya quien actualmente interese com-

prarla, pues al hablar de valor en el mercado lo que tomamos en cuenta es un comprador hipotético en un mercado hipotético. *General Electric Co.* v. *City of Erie,* supra, pág. 536.

Toda vez que la demandante no presentó a la corte inferior una computación que reflejase razonablemente el valor en el mercado de esa propiedad, es decir, lo que hubiera estado dispuesto a pagar por ella una persona que hubiese querido comprarla, considerando su situación, su condición y los beneficios que podía obtener de dicha fábrica, debemos concluir que la corte inferior no erró al desestimar la demanda.

*Procede la confirmación de la sentencia apelada.*