CARLOS R. ROSSI, peticionario, *v.* TRIBUNAL DE CONTRIBUCIONES DE PUERTO RICO, demandado; RAFAEL BUSCAGLIA, TESORERO DE PUERTO RICO, interventor.

Núms. 71 y 85.—*Sometidos:* Marzo 18, 1946. *Resueltos:* Julio 16, 1946.

*James R. Beverley, R. Castro Fernández, Carmen B. Hernández* y *José López Baralt,* abogados del peticionario; *Hon. Procurador General E. Campos Del Toro* y *J. B. Fernández Badillo,* abogado éste del Departamento de Justicia, abogados del interventor, Tesorero de Puerto Rico, querellado en el pleito principal.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

El peticionario, a los efectos de la imposición de la contribución sobre los bienes muebles que tenía en su negocio el 15 de enero de 1944, presentó un inventario al Tesorero de Puerto Rico el 29 de mayo siguiente, del que resulta que dichos bienes y su valor, según el peticionario, son los siguientes:

```
"Existencias _____  $44, 087. 16
"Mobiliario_____    2, 237. 20
"Maquinaria _____ .    478. 20
"Efectivo en Caja_____       20. 85
                                             _____
       "Total_____  $46, 823. 41."
```

Pero el 11 de julio de ese mismo año, el Tesorero notificó al peticionario haberle tasado los referidos bienes en la siguiente forma:

```
"Existencias en enero 15, 1944_____  $64, 000. 00
"Mobiliario en enero 15, 1944_____     4, 200. 00
"Maquinaria en enero 15, 1944_____     1, 400. 00
"Efvo. en caja enero 15, 1944_____        20. 00
"Efectivo en Bancos enero 15, 1944____    15, 000. 00
                                          _____
       "Total_____  $84, 620. 00."
```

El peticionario recurrió para ante el Tribunal de Contribuciones en demanda que radicó el 21 de noviembre de 1944, e impugnando la tasación del Tesorero, alegó que ésta era arbitraria e injusta porque el valor de sus bienes·el 15 de enero de 1944 era el consignado en su referida planilla y no el que declaró el Tesorero y en lo que respecta al balance que tenía en el Banco, alegó que montaba a $603.55 y que el Tesorero ilegal y arbitrariamente lo había tasado en $15,000, y que dicha cuenta no estaba sujeta a contribución de acuerdo con el art. 290 del Código Político. Alegó, además, el peticionario, que el 10 de noviembre de 1944 el Tesorero le notificó haberle impuesto la contribución sobre la referida propiedad, ascendiendo aquélla a $2,420.14, de acuerdo con la tasación que le notificó el 11 de julio de 1944. Que el 14 de noviembre de 1944 pagó la cantidad de $1,339.15 que es la contribución correspondiente al valor consignado en su referido inventario y acompañó a la demanda el recibo provisional expedido por el Colector de Rentas Internas, ofreciendo radicar en autos el recibo definitivo tan pronto le fuera entregado.

En la vista celebrada ante el Tribunal de Contribuciones declaró como único testigo el propio peticionario, siendo desestimada la demanda, excepto en cuanto a la cantidad de $603.55 que el peticionario tenía depositada en los bancos el 15 de enero de 1944, la cual fué declarada exenta de contribución, pero se ordenó que se tasase la suma de $20.85 que tenía en caja en dicha fecha.

██ El presente recurso fué radicado en este Tribunal el 21 de noviembre de 1945. La primera cuestión que levanta el Tesorero es que el recurso es prematuro porque cuando se radicó, el Tesorero no había presentado el cómputo y consecuentemente no se había notificado por el Secretario del Tribunal de Contribuciones la finalidad de la decisión, y además, porque no se había hecho el pago bajo protesta.

Esta cuestión es innecesario resolverla en el presente recurso, toda vez que el Tesorero, con fecha 7 de marzo de 1946 radicó el cómputo de la contribución adeudada, habiendo sido éste aprobado el 11 del mismo mes y año y el 14 de marzo de dicho año el peticionario pagó bajo protesta el balance de la contribución ascendente a $658.51, radicando el 10 de abril siguiente una segunda petición de *certiorari* a la que acompañó el recibo del pago bajo protesta, para el caso de que se resolviera que la primera petición había sido presentada prematuramente. En tales circunstancias, suponiendo que la primera fué prematuramente radicada, la segunda petición de certiorari curó el defecto, puesto que fué presentada en tiempo. Habiéndose celebrado la vista del caso el 18 de marzo último y habiendo anunciado el peticionario en dicha fecha que oportunamente presentaría la segunda petición de certiorari que como hemos dicho radicó el 10 de abril último y estipulándose en aquella ocasión por las partes que se resolviese el caso por la petición que procediera, estando ya aquí los autos y sometido el caso, no vemos la necesidad de resolver la cuestión planteada, ni la de devolver los autos al Tribunal de Contribuciones en el caso de que la primera petición hubiese sido prematuramente radicada.

Como podrá verse existe una gran discrepancia entre la valoración del peticionario y la que pretende haber hecho el tasador oficial. De la declaración del peticionario resulta que el tasador fué dos o tres veces a su establecimiento para llevar a cabo la tasación, pero debido unas veces a lo inoportuno de la hora y otras a las ocupaciones del peticionario y su empleada, se convino de mutuo acuerdo entre el peticionario y el tasador, posponer la tasación para otra fecha. Finalmente, el tasador no vino el día convenido y se presentó en otra ocasión a las 11:45 de la mañana, hora en que se disponía el peticionario a cerrar su establecimiento. Se le suplicó que volviera ese mismo día, a las dos de la tarde,

pero el tasador manifestó que no volvería más y algún tiempo después, sin volver al establecimiento ni pedir datos de clase alguna, preparó la tasación que ya conocemos.([1])   La declaración del peticionario no fué controvertida en forma alguna por el tasador, quien estuvo presente en la vista ante el Tribunal de Contribuciones.   El Tesorero invoca la presunción de correcta que conlleva su tasación y cita el caso de *Mayagüez Sugar Co.* v. *Tesorero,* 64 D.P.R. 734, arguyendo que la presunción no ha sido destruída por la prueba del peticionario en el presente caso.   Así lo entendió el Tribunal de Contribuciones y basándose en esa contención dictó la resolución recurrida.   A nuestro juicio, la tasación del Tesorero es insostenible.   En el caso de *Mayagüez Sugar Co.,* supra, hubo una tasación verdad.   El tasador se trasladó a la factoría azucarera e hizo la correspondiente valoración.   Aquella tasación sí tenía la presunción de correcta y como dijimos entonces: " . . . la valoración *que hagan* . . . los funcionarios encargados de la tasación de la propiedad se presume correcta, y al contribuyente que la impugna incumbe demostrar con evidencia persuasiva que la tasación es tan excesiva que resulta injusta y confiscatoria, y probar a la corte cuál es el valor razonable de la propiedad en el mercado." (Págs. 736–7)   (Bastardillas nuestras).

Pero en el presente caso se probó concluyentemente que el tasador, contrariado por habérsele suplicado que hiciese el trabajo a una hora razonable, no volvió al sitio del negocio del peticionario, y sin base alguna para ella, preparó una tasación.([2])   No se trata, pues, en este caso, de una valora-

---

([1])Conviene aclarar que a los efectos de la tasación en este caso, no era indispensable que el tasador fuera personalmente al establecimiento.   Podía hacerla basándose en el inventario que radicó el contribuyente si es que le merecía crédito.   Pero no aparece que él basase su tasación en inventario alguno.

([2])El hecho de que el 15 de enero de 1944 sólo hubiese en el banco un balance de $603.55 y el tasador declarase en su informe que habían $15,000, demuestra claramente la falta de base de dicha tasación, pues ese balance fácilmente y sin lugar a equivocaciones lo hubiera podido determinar el tasador con pedir esa información al banco.

ción excesiva, injusta o confiscatoria. Simplemente se trata de una valoración inexistente. No existiendo tasación válida alguna por parte del Tesorero, la contribución fijada a base de esa supuesta tasación es ilegal.

*Procede anular la resolución recurrida y devolver el caso al Tribunal de Contribuciones de Puerto Rico para ulteriores procedimientos no inconsistentes con esta opinión.*