JUSTO GARCÍA CORTÉS, demandante y apelado, *v.* SOL LUIS DESCARTES, SECRETARIO DE HACIENDA, demandado y apelante.

Número 11021.

*Sometido:* 1 de abril de 1954. *Resuelto:* 14 de mayo de 1954.

*Hon. Secretario de Justicia Interino, J. B. Fernández Badillo* y
*Manuel J. Medina Aymat, Procurador Auxiliar,* abogados del
apelante; *Juan A. Faría,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión
del tribunal.

En 12 de mayo de 1950 el Tesorero de Puerto Rico, hoy
Secretario de Hacienda notificó al demandante-apelado Justo
García Cortés una deficiencia de contribuciones sobre ingresos
correspondiente a los años 1943 a 1947, ambos inclusives,
montante a la suma de $28,448.38. No estando conforme con
dicha deficiencia, el contribuyente acudió ante el Tribunal de
Contribuciones, hoy Tribunal Superior. Entre las partidas
en controversia figuraban varias por concepto de ingresos
no identificados, a saber: año 1943—$9,500; año 1944—
$9,633.09; año 1946—$2,146.52 y año 1947—$25,219.58.

Después de celebrarse un juicio en los méritos, en el que
ambas partes presentaron prueba testifical y documental, el
tribunal a quo dictó sentencia declarando con lugar la que-
rella en cuanto a todas las partidas especificadas en el párrafo
anterior. Contra dicha sentencia el querellado ha inter-
puesto el presente recurso de apelación.

█ █ El primer error señalado por el apelante consiste
en haber resuelto el tribunal a quo "que de acuerdo con la
prueba practicada por el demandante-apelado, éste tenía dis-
ponible para inversión, en 1943, la suma de $9,500, la cual
identificó debidamente".

El demandante-apelado rindió declaración de ingresos por primera vez en 1934. No rindió durante los años 1935 a 1937 y volvió a rendir en 1938 y años posteriores. Durante el período cubierto por los años 1938 a 1943, ambos inclusives, el contribuyente tuvo un ingreso neto de $19,622 proveniente de negocios de colmado, mueblería y otros. En 13 de abril de 1943, el contribuyente compró a Quiterio Colón, un solar y dos edificaciones por precio de $9,500 que fué satisfecho en efectivo por el comprador al vendedor. Esta es la partida que el Tesorero consideró como ingreso no identificado. Sin embargo, si descontamos los gastos de familia que sumaron $11,000 durante esos cinco años, del ingreso ya indicado, sobrarían $8,662. La prueba creída por la corte sentenciadora demostró que el apelado vivía económicamente y tenía el hábito de ahorrar.[1]

Como en los anteriores números, no hemos considerado los años 1935, 1936 y 1937, no es incorrecto concluir, como lo hizo la corte a quo, que la susodicha partida de $9,500 fué debidamente identificada por el contribuyente.

Convenimos con el apelante en que es principio de derecho que toda determinación contributiva hecha por el Secretario

---

[1] En sus conclusiones de hecho, la corte a quo, consignó lo siguiente:

"Cuando llegó a la edad de treinta y siete años estableció una mueblería, en la avenida Borinquen del Barrio Obrero, de Santurce. En ese negocio hizo una inversión de capital que ascendió a unos $4,500, poco más o menos. Esta inversión no era, en su totalidad, del dinero que hasta 1938 hubiera ahorrado.

"Para ese tiempo se mudó, con su familia, a una pequeña casa en la calle núm. 11, del mencionado Barrio Obrero, por la que pagaba, en concepto de alquiler, $5 mensualmente. Esa era una propiedad del Gobierno y por el agua que en ella se consumía, nada tenía que pagar.

"La familia consistía en 1943, de la esposa y cuatro hijos, el menor de los cuales tenía 12 años; y el mayor, diez y siete. En 1941 este último había llegado, en el curso de sus estudios, hasta la escuela superior.

"El demandante siempre trató de ahorrar, a los fines de poder acumular algún dinero. Vivía modestamente. Testificó que para 1939–42 los gastos de su familia eran de aproximadamente $1,800 anualmente. En 1943 tales gastos subieron a $2,000 por año. En el turno de las preguntas declaró que para 1940–41 lo que gastaba en colmados era como $12 por semana. Para sus hijos compraba, para vestirlos, 'mamelucos' baratos y zapatos de $2."

de Hacienda de Puerto Rico se presume correcta, y que dicha presunción sólo puede ser controvertida mediante prueba persuasiva y fehaciente. *Corporación Azucarera* v. *Tribl. Contribuciones*, 69 D.P.R. 204, 206 y casos allí citados; Merten's, *Law of Federal Income Taxation*, Vol. 9, sec. 49.180, pág. 163. Si bien dicha prueba debe estar cimentada en hechos concretos y no en meras generalidades, *Tes.* v. *Tribl. Contribuciones y Aguirre*, 70 D.P.R. 408, el récord en el presente caso demuestra que la presentada por el contribuyente fué algo más que meras generalidades, y suficiente a nuestro juicio, para controvertir la presunción de corrección que existía a favor de la determinación del Tesorero respecto a la partida de $9,500. El primer error, por tanto, no fué cometido.

Tampoco fué cometido el segundo. Alega el apelante que la corte a quo cometió error "al resolver que el demandante-apelado tenía disponible para invertir durante el año 1946 la suma de $2,146.52, y que identificó debidamente la procedencia de dicha suma". El contribuyente invirtió durante el año 1946 la suma de $9,320 en la construcción de un segundo piso en la casa núm. 10 de la Avenida Borinquen, del Barrio Obrero. La procedencia de $2,146.52 como parte de la suma así invertida es la que el Tesorero alega no ha sido identificada por el contribuyente. El ingreso neto de éste durante dicho año fué de $8,907.08. Si de dicho ingreso deducimos $362.39 pagados como contribución de ingresos correspondiente al año anterior, más $2,200 a que ascendieron los gastos de familia, quedaría una cantidad disponible para invertir de $6,344.69. A esta cantidad podemos sumarle $411.50 que el apelado recibió en pago de su crédito por venta de muebles en Caguas; $1,557.67 "proveniente del año 1944, según los cálculos que preceden (en relación con la deficiencia notificada respecto a dicho año)"; y $900, producto de la venta de una casa que no fué incluído en dichos cálculos. Esto haría una suma total disponible para inversión de $9,213.83. Si además consideramos lo proveniente del in-

greso neto del año anterior, no es posible convenir en que la suma total de la inversión no ha quedado debidamente identificada, independientemente de los tres cheques por $500 que el apelado recibiera durante ese año de su propio negocio llamado "Mueblería Santurce".

El tercer error se señala así:

"Erró el tribunal inferior al resolver que el demandante-apelado tenía disponible para invertir en 1947 la suma de $25,219.58, y que identificó debidamente la procedencia de dicha suma."

El apelante llegó a la determinación de que el apelado no había identificado el ingreso a que se contrae este señalamiento de error mediante el siguiente cálculo:

"Ingreso neto sujeto a contribución e informado
en la planilla del demandante.................. $7,301.82
  "Contribución de ingresos pagada........... $1,206.40
  "Diferencia............................... $6,095.42
  "Prestado por Lillian Llenza............... $15,000.00
  "Disponible para inversión.................. $21,095.42
  "Invertido en la construcción del edificio 'Paraíso del Bebé'............................... $46,315.00
  "Ingreso habido y no identificado........... $25,219.58"

En estos cálculos el Tesorero cometió el error de deducir del ingreso neto informado, la contribución de ingresos del propio año 1947 cuando debió deducir los del año anterior montante a $788.35, que fueron los satisfechos en el año 1947. Haciendo el reajuste correspondiente, el ingreso no identificado resultaría ser de $24,801.53.(²)

En los autos hay prueba no contradicha suficiente para justificar como parte del ingreso no identificado, las siguientes partidas: $2,500 recibidos por el contribuyente como precio de venta de su colmado "La Marina"; y $10,500 tomados a préstamo del Banco de Ponce a través de la "Mueblería San-

---

(²) Ingreso neto declarado, $7,301.82 — $788.35 = $6,513.47 + $15,000 = $21,513.47. Restada esta suma a $46,315.00, invertida en el edificio, quedarían $24,801.53 como ingreso no identificado.

turce". Esto hace un total de $13,000 que deducido del ingreso no identificado, arrojaría una diferencia de $11,801.53 aún no identificados.

El edificio el "Paraíso del Bebé" fué construído por la Sociedad García y Cortés Construction Co. de la cual era socio el apelado Justo García Cortés. El otro componente de dicha sociedad lo era el socio industrial Pedro J. Cortés. La "Mueblería Santurce", perteneciente también al apelado y la cual operaba bajo el nombre de "García Bleck y Cía.", ya que también en este negocio tenía dicho apelado un socio, recibió en el año 1947 del Banco de Ponce la suma de $10,500 en calidad de préstamo. Dicha suma fué entregada a García Cortés y éste la invirtió en el mencionado edificio. Como García Cortés venía obligado a pagar dicho préstamo al banco, no cometió error la corte a quo al considerar dicha partida como parte del ingreso no identificado. Sin embargo, la situación es distinta en cuanto a la otra suma de $2,810 prestada por la Mueblería Santurce a García Cortés y considerada por la corte a quo como parte del ingreso no identificado. En 6 cheques, 5 de ellos por la suma de $500 cada uno y el otro por la suma de $310, la Mueblería Santurce entregó a García Cortés, en calidad de préstamo, según éste sostiene, la indicada suma de $2,810. Dichos cheques fueron librados en distintas fechas dentro del año 1947 a nombre de la Mueblería Santurce por el propio García Cortés, a favor suyo. Sin embargo, de acuerdo con el propio testimonio de García Cortés producido en juicio, él no tenía que pagar ni pagó esas sumas a la Mueblería Santurce. La razón que expuso para ello era que él tenía fondos en dicha mueblería. Por otro lado, y a diferencia de lo ocurrido con el préstamo hecho al Banco de Ponce, reseñado anteriormente, en el récord no hay prueba fehaciente de que los $2,810 hubieran sido tomados a préstamo por la Mueblería Santurce a algún banco u otra institución y que García Cortés en su consecuencia viniera obligado a pagar dicho préstamo. Por tanto la corte a quo incurrió

en error al considerar dicha partida como parte del ingreso no identificado y la cual hemos incluído en los $11,801.53.

Surge también de los autos que durante el año 1947 el apelado dió a la sociedad García y Cortés Construction Co., en calidad de préstamo la suma de $12,500. El contribuyente, aquí apelado, tampoco presentó prueba persuasiva y fehaciente para justificar la procedencia de dicha suma. *Corporación Azucarera* v. *Tribl. Contribuciones*, supra, y *Tes.* v. *Tribl. Contribuciones y Aguirre*, supra. Sumada esta partida a la otra de $11,801.53 que según hemos visto tampoco fué debidamente identificada, hace una suma total de $24,301.53. Cometió error la corte a quo al no resolver que dicha suma total constituye ingreso no identificado.

Con lo expuesto anteriormente queda cubierto el cuarto error señalado por el apelante.(³)

*La sentencia apelada será modificada en el sentido de declarar sin lugar la querella en cuanto a la partida de $24,301.53, que debe ser considerada como ingreso no identificado correspondiente al año 1947 y así modificada la misma será confirmada.*

El Juez Asociado Sr. Marrero no intervino.

---

(³) "Cuarto Error: Erró el tribunal inferior al resolver que el demandante-apelado controvirtió, con la evidencia producida, la presunción de corrección que tienen las determinaciones del demandado-apelante."